UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-54-KAC-JEM |
| | ) | |
| CHADWICK GARRETSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Chadwick Garretson's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 23], filed on July 30, 2026.

Defendant asks to continue the December 1, 2026 trial date for "at least 120 days" and to extend the July 30 motion deadline and the October 30 plea deadline [*Id.* ¶¶ 1, 5]. As grounds, Defendant states defense counsel, who was substituted as counsel on July 23, 2026 [Doc. 22], needs more time to familiarize himself with the case, to review discovery, and to research the potential sentencing exposure before conferring with Defendant on the discovery and relevant sentencing guidelines [*Id.* ¶ 2]. Defense counsel, who resides in Texas, will require additional time to meet with Defendant [*Id.*]. Defendant asserts that granting the continuance will permit counsel to render effective representation and will allow time for the parties to engage in plea negotiations [*Id.* ¶ 3]. Defendant understands that the time between the filing of his motion and the new trial date is fully excludable [*Id.* ¶ 4]. The Government does not oppose the requested continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion, which the Government does not oppose, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel, who recently joined the case, needs more time to review, discuss, and evaluate the discovery in this case and, if deemed necessary, to file pretrial motions. *See id.* § 3161(h)(7)(B)(iv). Also, defense counsel requires additional time to advise Defendant on potential sentencing exposure, to explore a negotiated resolution, and to prepare the case for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the December 1, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 23**]. The trial of this case is reset to **March 30, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on July 30, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1)  Defendant Garretson's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 23**] is **GRANTED**;

(2)  the trial of this matter is reset to commence on **March 30, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

2

(3)  all time between the filing of the motion on **July 30, 2026**, and the new trial date of **March 30, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  the deadline for filing pretrial motions is extended to **September 30, 2026**, and responses to pretrial motions are due on or before **October 14, 2026**;

(5)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 26, 2027**;

(6)  the deadline for filing motions *in limine* is **March 15, 2027**, and responses to motions *in limine* are due on or before **March 23, 2027**;

(7)  the parties are to appear before the undersigned for a final pretrial conference on **March 16, 2027, at 11:30 a.m.**; and

(8)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 19, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3